UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

----------------------------------------

ALEXIS M. HERMAN, Secretary of
Labor, United States Department of
Labor,

        Plaintiff,

v.

CESAR GARCIA d/b/a C & J PRODUCE

        Defendants.

----------------------------------------

CIVIL ACTION

No. CAB-99-192

United States District Court
Southern District of Texas
FILED

JUL 12 2000

Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
ENTERED

JUL 31 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

## JUDGMENT BY DEFAULT

Plaintiff's motion for judgment by default came on for consideration. It appears to the Court that on November 22, 1999 this civil action was commenced; that on February 28, 1999 the defendant was served with a copy of the summons and complaint; that on May 31, 2000, default was entered against the defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure; and that defendant has not moved pursuant to Rule 55(c) to set aside the entry of default against him for good cause shown,

It is therefore:

ORDERED, ADJUDGED and DECREED, pursuant to Section 502(a) of the Migrant and Seasonal Worker Protection Act, as amended, 29 U.S.C. 1801, et seq. (hereinafter "MSPA"), that defendant, Cesar Garcia, his officers, agents, servants, employees, and all persons in active concert or participation with him be and hereby are permanently enjoined and restrained from

violating the provisions of the MSPA and any regulations promulgated thereunder. In particular:

I.

Defendant shall not, contrary to Section 101(a) of the MSPA, engage in any farm labor contracting activity without obtaining a certificate of registration from the Secretary of Labor specifying which farm labor contracting activities defendant is authorized to perform.

II.

Defendant shall not, contrary to Section 202(a) of the MSPA, fail to pay wages to any migrant agricultural worker employed by defendant when such wages are due.

III.

A. Defendant shall not, contrary to Section 301(c)(1) of the MSPA, fail to make, keep, and preserve for three years the following information with respect to each seasonal agricultural worker defendant employs:

(1) the basis on which wages are paid;

(2) the number of piecework units earned, if paid on a piecework basis;

(3) the number of hours worked;

(4) the total pay period earnings;

(5) the specific sums withheld and the purpose of each sum withheld; and

(6) the net pay.

B. Defendant shall not, contrary to Section 301(c)(2) of the MSPA, fail to provide to each seasonal agricultural worker defendant employs, for each pay period, an itemized written statement of the information required by Section 301(c)(1) of the MSPA.

C. Defendant shall not, contrary to Section 301(d) of the MSPA, fail to provide to

2

any other farm labor contractor and to any agricultural employer and agricultural association to which defendant has furnished seasonal agricultural workers, copies of all records with respect to each such worker which defendant is required to retain by Section 301(c)(1).

IV.

A. Defendant, when using or causing to be used, any vehicle for providing transportation to which Section 401 of the MSPA applies, shall, in accordance with Section 401(b)(1)(C) of the MSPA, have an insurance policy or a liability bond in effect which insures defendant against liability for damage to persons or property arising from the ownership, operation, or the causing to be operated, of any vehicle used to transport any migrant or seasonal agricultural worker.

B. Defendant shall not, contrary to Section 402 of the MSPA, utilize the services of any farm labor contractor to supply any migrant or seasonal agricultural worker unless defendant takes reasonable steps to determine that the farm labor contractor possesses a certificate of registration which is valid and which authorizes the activity for which the contractor is utilized. In making that determination, defendant may rely upon either possession of a certificate of registration, or confirmation of such registration by the Department of Labor.

It is further ORDERED that costs shall be awarded to plaintiff.

Dated this 31st day of July, 2000.

_____
UNITED STATES DISTRICT JUDGE

3